FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALAN B. FABIAN | * | |
| v. | * | CIVIL NO. CCB-09-2938 |
| COMMISSIONER OF INTERNAL REVENUE SERVICE | * | |

\*\*\*

**<u>MEMORANDUM</u>**

Now pending are the petition filed by federal prison inmate Alan Fabian to quash the Internal Revenue Service ("IRS") summons served on Joel I. Sher in October 2009 and the motion to enforce that summons filed in response by the United States. All related filings have been reviewed and no oral argument is necessary.

To demonstrate a prima facie case for enforcement of the summons, the United States needs to show by sworn affidavit that four criteria have been met: (1) the investigation is being conducted for a legitimate purpose; (2) the inquiry may be relevant to that purpose; (3) the information sought is not already in the possession of the IRS; and (4) the administrative steps required by the tax code regarding the issuance and service of the summons have been followed. *United States v. Powell*, 379 U.S. 48, 57-58 (1964); *Conner v. United States*, 434 F.3d 676, 680 (4th Cir. 2006). Once the prima facie case is established, as it has been here by the January 26, 2010 affidavit of Revenue Agent Dolores Hicks, the IRS is entitled to enforcement unless Fabian meets his "heavy burden" of showing the IRS is attempting to abuse the court's process. *Alphin v. United States*, 809 F.2d 236, 238 (4th Cir. 1987). Fabian has failed to meet this burden. The plain language of the plea agreement disposes of any argument that the IRS is barred from pursuing a civil investigation for the tax years in question (Motion to Enforce, Ex. 1), nor has

there been any double jeopardy violation or improper conduct by the IRS.  The statute of limitations does not bar this investigation, *see United States v. McHenry*, 552 F. Supp. 2d 571, 574-75 (E.D. Va. 2008); nor is there any "collateral estoppel" effect from the fact the indictment against Fabian did not charge tax evasion.  Further, Fabian has not shown that Agent Hicks in fact has access to or may use grand jury materials obtained in connection with the criminal case and protected by Fed.R.Crim.P. 6(e).  *See In re Grand Jury Subpoena*, 920 F.2d 235, 240-43 (4th Cir. 1990); *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993); *cf. McHan v. C.I.R.*, 558 F.3d 326, 334 (4th Cir. 2009) (finding no 6(e) violation where grand jury material had already become public when introduced at McHan's criminal trial).

    A separate Order follows.

 April 7, 2010                                                                                /s/
   Date                                                                         Catherine C. Blake
                                                                              United States District Judge